JOHN H. HERNDON v. A. C. CRAWFORD ET AL.

1. PARTITION—PROBATE LAW.—The law (Pas. Dig., art. 5607$a$) pre-
   scribing the affidavit to be made by commissioners to their reports
   of partition in matters of probate, does not govern proceedings in
   the District Court, in the exercise of its general jurisdiction as a
   court of equity.
2. SUGGESTION OF DELAY—PRACTICE.—A suggestion of delay, with-
   drawn before the case is submitted, does not open the record to the
   consideration of errors not assigned.
3. CONSTRUCTIVE WAIVER.—A party appearing and objecting to the
   report of commissioners in the court below cannot insist upon want
   of service of citation for the first time in the Supreme Court.
4. WANT OF PARTIES.—Want of necessary parties to a cause cannot be
   taken advantage of by parties consenting to a decree in the District
   Court for the first time in this court.

ERROR from Austin.    Tried below before the Hon. Liv-
ingston Lindsay.

This was a suit brought in Austin county May 27, 1871,
by A. C. Crawford, of Galveston county, against John H.
Herndon, of Brazoria county, and Bettie Harper, (now
Bryan,) of Harris county, as administratrix of James Hil-
liard, for the purpose of foreclosing a mortgage given by
Herndon on the R. M. Williamson league of land in Austin
county, and alleging that Bettie Harper, as administratrix
of James Hilliard, is in possesssion of the land, claiming
title thereto.    The petition prays that the title of the land
may be adjudicated, as far as the estate of Hilliard is con-
cerned, and for judgment against Herndon for the debt,
and for foreclosure of the mortgage and sale of the land to
satisfy the judgment, and for general relief.

No service was had upon Herndon, nor did he answer.
The defendant, Bettie Harper, as administratrix, answered,
claiming the land, or a portion of it, under Herndon, and
antagonistic to the claim set up by the plaintiff, and also
filed pleas to the jurisdiction.    On the 11th of April, 1873,
the case came to a hearing, when, without Herndon hav-

ing appeared, a decree by consent of parties, who were said to have appeared by attorneys, was rendered, giving judgment against Herndon for the debt, and partition as between Herndon and Hilliard's estate, giving particular directions as to the partition. No writ of partition was issued; but on July 23, 1873, the commissioners made their report, which on the same day was excepted to by Herndon. This was the first appearance of Herndon in court. The report, however, was on the next day confirmed, to which Herndon excepted, and this writ is prosecuted to reverse the judgment.

The partition was made and report thereof returned by three out of seven commissioners named in the decree, and the report closed as follows:

"The division as here reported is, in our judgment, fair and equitable, and as near a compliance with the order of the court as is practicable.

" JACOB HILL,

" JOHN W. ALLEN,

" GRANT T. ROSS.

" S. Eidman acted with the commissioners, but was not present to be qualified.

" Subscribed and sworn to before me July 23, 1873.

" A. McKINNEY, *J. P. A. C.*"

To the report Herndon excepted, among other things, " 3d. Because the affidavit of the commissioners is not sufficient in law."

The report was confirmed and Herndon excepted, giving notice of appeal.

The heirs of Hilliard were not made parties to the suit.

The error assigned by Herndon was that the court below erred in overruling defendant's, John H. Herndon's, exceptions to the report of the commissioners of partition, for the reasons stated in said exceptions.

Defendant in error filed a suggestion of delay, but abandoned the suggestion before the case was submitted.

*Harris & Kleberg*, for plaintiff in error.

*Walton, Green & Hill*, also for plaintiff in error, insisted:

1. The heirs of Hilliard were necessary parties. (Barrett *v.* Barrett, 31 Tex., 344; Pas. Dig., art. 5698.)

2. The recitals in the decree, that it was entered *by consent*, must be taken as having reference only to those who had attorneys in the court. Herndon had none, and was not bound by the recital.

3. The affidavit of the commissioners was insufficient.

The act of May 27, 1873, (Pas. Dig., art. 5607*a*,) in force from its passage, and the law governing the commissioners in making their report, provides that " the report of the commissioners shall be signed by them, or a majority of them, to which shall be attached their sworn statement, made before some officer authorized to administer an oath, that the partition made by them as set out in their report is just and fair to the best of their knowledge and information; that they have no interest in said partition, and that they are not of kin to any of the parties to the partition."

*A. Chesley*, for defendant in error.

*Shepherd, Searcy & Shepherd*, also for defendant in error.

MOORE, ASSOCIATE JUSTICE.—The only error assigned by the plaintiff to the proceedings had in this case in the court below is the overruling his exceptions to the report of the commissioners appointed by the court to partition the land, as ordered by the decree, between himself and Bryan and wife, his co-defendants in the District Court, as the representatives of the estate of James Hilliard, deceased.

The third exception to the report of the commissioners, which is the only one which counsel for plaintiff in error

seems, as we think very properly, to regard as worthy of discussion, is that the affidavit of the commissioners to their report is not sufficient in law. In support of this objection, we are referred to section 9 of the act of May 27, 1873, amending section 139 of the act prescribing the mode of proceeding in the District Courts in matters of probate, passed August 15, 1870. As the affidavit of the commissioners does not purport to conform to the section of the statute to which we are cited, undoubtedly, if it is essential that it shall be verified as therein prescribed, the exception to it will be taken. But we cannot agree that this law has any application to the partition to be made by these commissioners. The commissioners, whose duties are prescribed by this law, are those who are appointed to make partition between estates and other part owners in proceedings in the District Court in matters of probate. This law certainly does not furnish an imperative rule in making partitions in other character of proceedings. The court, in this case, was in the exercise of its general jurisdiction as a court of equity. When a partition is to be made in a proceeding in probate, three commissioners, householders of the county, are to be appointed, (Pas. Dig., art. 5605,) a majority of whom must concur in the report. In this case seven persons are selected by the parties, any three of whom, it is agreed, shall make the partition. This difference in the character of the commissioners, without reference to the subject-matter and purpose of the suit, would, of itself, be sufficient to show that neither the court nor parties supposed, when the commissioners were named, that they were required to make their report in conformity with the rules prescribed in the law regulating proceedings in probate, as it stood at the time they were appointed, or as amended a few weeks previous to the filing of their report in court. The partition having been ordered by the court, in the exercise of its general jurisdiction, it was authorized to receive and act upon it, and

either affirm or set it aside, as justice and equity demanded, and upon such evidence of its verity and fairness as to it might seem right and proper. (Danl. Ch. Pr., 1326, 1329, 1339; Story's Eq. Jur., sec. 651, *et seq.*)

Although not included in the assignment of error, plaintiff insists that the judgment should be reversed: first, because no service of process was had upon him, nor did he appear by answer, and therefore he maintains the decree, which purports to have been entered by consent of parties, is not binding upon him; second, the heirs of Hilliard are necessary parties, and the judgment partitioning the land without their being before the court is erroneous. The right to insist upon these objections, without having assigned them as error, is claimed under the practice of the court to consider errors which go to the foundation of the action, although not assigned; and also from the fact that the defendant in error, Crawford, opened the record for consideration of all errors apparent upon it by a suggestion of delay. This last proposition is not tenable; for although the practice of the court is such as is suggested, it is so only when the cause has been submitted to the court as a delay case. The defendant in error, it is true, made the suggestion and proposed to submit the cause, at one time, as a delay case, but he withdrew the suggestion before the case was submitted by plaintiff in error. We cannot therefore hold that the latter can claim any benefit from this suggestion. But if the objections go to the foundation of the action, under the established practice of the court, the plaintiff in error may, no doubt, avail himself of them. We will therefore consider them in this point of view.

In support of the first of these objections, we are referred to the decisions of this court, in which it is held, where some of the defendants have been served with process, while others have not, the recital in the judgment entry, that the defendants appeared, &c., &c., will be construed as referring only to such defendants as have been served.

But this rule is not applicable to this case. The reason of the rule is that the entry, by this construction, is not in conflict with the facts, as they appear from the entire record, but in harmony with them. In this case the decree of the court says it was entered by consent. And it shows upon its face that the plaintiff was a party to it, and that he was affected by it, if not the beneficiary of most of its provisions.

But if it did not sufficiently appear from the judgment that plaintiff in error was in court and consented to the decree, he certainly made an appearance when he filed his objections to the report of the commissioners; and as he there made no objection to the decree, but, on the contrary, insisted that the commissioners had not conformed to its requirements, it is unquestionably too late for him to make the objection, for the first time in this court, that he was not a party to or bound by it.

Nor can we admit that the failure to make the heirs of Hilliard parties can be urged for the first time in this court, and that, too, without being assigned as error, to reverse a judgment rendered, as this was, by consent. If the judgment affects these heirs in any way, what right has the plaintiff in error to complain of it? Certainly it is not his duty to protect their interest. When they object to the sale of the land ordered by the decree, it will· be time enough for the court to inquire into it. If it be admitted that they are interested in the land which is to be sold under the decree—and as they were not parties to the suit, they may hereafter assert their title against the purchasers—this may no doubt greatly detract from the market value of the land to be sold, and may result in injury to the plaintiff or to Crawford, as the amount which the land would bring under other circumstances may be greater or less than the debt in payment of which it is sold. But whatever may be its effect in this respect, it results from the agreement of the parties themselves, and this court

cannot interfere on the suggestion of one of them, made for the first time in this court, that this will be its effect.

There is no error in the judgment of which the plaintiff in error can complain, and it is therefore affirmed.

AFFIRMED.