CITY OF SAN ANTONIO et al., Appellants,

v.

Jack POPE et al., Appellees.

No. 3652.

Court of Civil Appeals of Texas.

Eastland.

Oct. 27, 1961.

Carlos C. Cadena, City Atty., H. Kyle Seale, San Antonio, for appellant.

Adrian A. Spears, San Antonio, for appellee.

COLLINGS, Justice.

This is a zoning case. An ordinance of the City of San Antonio changing the zone of Lot 2, New City Block 11,635, within said city from "A", residence district, to "F", local retail district, was attacked by plaintiffs, Jack Pope and others, as null and void. Motions for summary judgment were filed by plaintiffs and by defendant City and H. Kyle Seale. The trial court held that the ordinance was void, and overruled both defendants' motions for summary judgment. The court granted plaintiffs' motion for summary judgment and permanently enjoined the City of San Antonio from issuing any permit for building on said premises under or by virtue of said ordinance, and enjoined defendant H. Kyle Seale from erecting or using any building on said premises under or by virtue of said ordinance. The defendants have appealed.

On June 27, 1958, appellant, H. Kyle Seale, filed an application with the City Planning Commission of San Antonio seeking a zoning change upon a 2.197 acre tract of land located in the city belonging to him. After notice and hearing the Planning Commission recommended the requested zoning change and thereafter the city council of San Antonio, after hearing, approved the recommendation and enacted zoning ordinance number 27,126 which is the subject matter of this suit. Appellees' motion for summary judgment, which was sustained, was predicated upon the proposition that proper administrative procedures concerning notice and hearing were not followed.

Appellants urge points of error contending (1) that the court erred in holding the ordinance null and void because hearings by the Planning Commission were conducted in compliance with the provisions of Article 1011f, Vernon's Ann.Tex.Civ.St., and applicable city ordinances, and that in any event (2) the ordinance was passed by the city council at a duly advertised public hearing after substantial evidence had been presented, and if any procedural errors existed in the hearings and deliberations before the planning commission, they could not vitiate the action of the city council because the recommendations of the planning commission are not a necessary prerequisite to the passage of a valid amendatory zoning ordinance.

The application by appellant H. Kyle Seale for rezoning and pertinent data in connection therewith was supplied upon a form furnished by the planning department of the City of San Antonio. On July 24, 1958, written notices to property owners within 200 feet of lot 2, New City Block 11,-635, calling for a public hearing before the planning commission and announcing that the request for change of zoning was to be heard August 6, 1958, were mailed by members of the planning commission department. A public hearing was held on August 6, 1958, and, upon request of H. Kyle Seale, an indefinite continuance was granted pending the presentation to the commission of the planned definite use of the property. Mrs. Lloyd Seiler, one of appellees, appeared at the hearing on August 6, 1958. On August 29, 1958, an application involving the same property was resubmitted on a separate form. In this application the same rezoning was sought but the applicant indicated an intention to construct a major first class motel on the property. On September 2, 1958, written notices were sent calling for a hearing before the Planning Commission on September 17, 1958. On September 17, 1958, appellee Mrs. Seiler appeared and objected to the proposed zoning. At such hearing the commission questioned sewer facilities and the matter of adequate parking and indicated that a study should be made by the planning department of the city, taking into consideration the applications filed by property owners to the East. Action was postponed to give the planning department opportunity to study the question and to give the applicant Seale the opportunity to bring new sketches pertaining to his property and to the number of motel units it would accommodate. At that time no definite date was set for another hearing.

On October 1, 1958, without further written notice to appellees the planning commission again considered the question of rezoning such property. Requested information, however, was not complete and action was delayed until October 8, 1958. On October 8, 1958, without written notice to appellees the planning commission further considered the application for rezoning and at that time recommended to the city council that the property involved be rezoned as requested. The minutes of the meeting on October 8th, indicate that the matter was "a continued case", but also show that appellant Seale was present and presented additional matters material to the question as to whether the proposed zoning changes should be made. Neither of appellees appeared before the planning commission at either the October 1st or October 8th hearing, nor were they advised as to any of the matters then presented to the commission.

Appellants' first and second points are overruled. Contrary to appellants' contention, all hearings before the planning commission were not conducted in compliance with the provisions in Art. 1011f, V.A. T.C.S. and applicable city ordinances. The material portion of the statute provides as follows:

Article 1011f:

"*In order to avail itself of the powers conferred by this Act,* such legislative body shall appoint a commission, to be known as the Zoning Commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. *Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report, and such legislative body shall not hold its public hearings or take action until it has received the final report of such commission.* Where a city plan commission already exists, it may be appointed as the Zoning Commission. *Written notice of all public hearings before the Zoning Commission on proposed changes in classification* shall be sent to owners of real property lying within two hundred (200) feet of the property on which the change in classification is proposed, such notice to be given, not less than ten (10) days before the date set for

hearing, to all such owners who have rendered their said property for city taxes as the ownership appears on the last approved city tax roll. Such notice may be served by depositing the same, *properly addressed* and postage paid, in the city post office." (Emphasis supplied.)

Included in the zoning ordinances of the City of San Antonio are the following provisions:

Section 64–8:

"The City Commissioners may from time to time amend, supplement or change by ordinance, the boundaries of the districts or the regulations herein established. *Before taking action on any proposed amendment, supplement or change, the City Commissioners shall submit the same to the Zoning Commission* for its recommendation and report." (Emphasis supplied.)

Section 64–8.1:

"When an application is filed for change of zoning district boundaries or for any change of zoning ordinance or regulations, such application shall be accompanied by two separate fees in the amounts of $20.00 and $25.00 respectively. * * * The said $25.00 fee shall be forwarded to the Collector of Licenses and Dues *upon the approval of said application at a public hearing;* * * * No notice of any such application shall issue and no hearing shall be had before either the Planning Commission or the City Council until said prescribed fees are paid." (Emphasis supplied.)

Section 64–10:

"Unless such proposed amendment, supplement or change has been approved by the Zoning Commission, * * * such amendment shall not become effective except by a four-fifths (⅘) vote of the City Commissioners."

Section 64–18:

"No regulation, restriction or boundary of new territory shall become effective *until after a public hearing in relation thereto, at which time parties in interest and citizens shall have an opportunity to be heard."* (Emphasis supplied.)

Section 64–19:

*"At least fifteen (15) days notice of the time and place of such hearing shall be published in the official advertising medium* of the City." (Emphasis supplied.)

Section 64–20:

"Regulations, restrictions and boundaries of any territory may from time to time be amended, supplemented, changed, modified or repealed. In case of a protest against such change, signed by the owners of twenty percent (20%) or more, either of the area of the lots included in such proposed change, or of those immediately adjacent in the rear thereof, extending two hundred (200) feet therefrom or of those directly opposite thereto, extending two hundred (200) feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of four-fifths (⅘) of all the members of the Board of Commissioners. *The provisions of the previous sections relative to public hearings and official notice shall apply equally to all changes or amendments."* (Emphasis supplied.)

Several hearings were held by the Planning Commission. Hearings were held on August 6, 1958 and September 17, 1958. Written notices were sent calling for such hearings. Other hearings were held on October 1st and October 8th, 1958. No written notices were given of these hearings. Art. 1011f, supra., provides for "written notice of *all* public hearings before the

Zoning Commission." (Emphasis ours.) The city ordinances also provided for notice of public hearings. No hearing or final report by the Zoning or Planning Commission is valid in the absence of such notice or the presence of interested parties.

Both Art. 1011f and the San Antonio City ordinance provide for a report or recommendation by the Planning Commission after public hearing prior to and as a prerequisite to any hearing or action by the city council. The city council it not bound by the recommendation of the Planning Commission but contrary to appellants' contention a final report by such commission is a prerequisite to final action by the city council. The failure to give notice of hearings before the Planning Commission rendered the purported ordinance invalid and of no force and effect. Tonroy v. City of Lubbock, Tex.Civ.App., 242 S.W.2d 816, N.R.E.; City of Amarillo v. Wagner, Tex. Civ.App., 326 S.W.2d 863, N.R.E.; 1 Tex. Jur.2d 666.

Appellants particularly urge the case of Clesi v. Northwest Dallas Improvement Ass'n, Tex.Civ.App., 263 S.W.2d 820, 829, N.R.E. as authority in support of their contention that any lack of notice of hearings before the Planning Commission is not material because under Arts. 1011a through 1011j the city council had power to rezone the property without any hearing by or report from the Planning Commission. In our opinion the holdings in the Clesi case does not support appellant's contention. In that case there was no question concerning notice. It was undisputed that there was a hearing before the Planning Commission on the question of a change in zoning. The effect of the holding was that the city council had authority to amend the zoning ordinance, which amendment granted a special permit applicable to the involved properties even though the property owners had petitioned for a general rezoning and had not asked for a special permit. The court held "any proposed amendment to the zoning ordinance is but a recommendation to the City Plan Commission, which recommendation the council can adopt, reject or *revise,* and enact such regulations as may be deemed proper". (Emphasis ours.)

Meetings of the Planning Commission on August 1st and August 8th, 1958 were not as appellants contend, executive sessions to determine what action should be taken upon the basis of evidence which had already been submitted. Other evidence was at that time received and considered by the Commission. Such meetings were hearings of which appellees should have had notice. Evidence was heard out of the presence of appellees at hearings of which they had no notice. The failure of the Planning Commission to give notice, as required by the statutes and city ordinances, rendered invalid the proceedings and decisions of such commission, as well as the subsequent proceedings and action of the city council.

For the reasons stated the court properly granted appellees' motion for summary judgment. Other points presented by appellants are rendered immaterial.

The judgment is affirmed.