**Charles L. WEBSTER, Jr., Appellant,**

v.

**TEXAS WATER RIGHTS COMMISSION et al., Appellees.**

**No. 12216.**

Court of Civil Appeals of Texas, Austin.

Jan. 22, 1975.

Rehearing Denied Feb. 12, 1975.

Denning Schattman, Michael D. Schattman, Schattman & Guthrie, Fort Worth, for appellant.

John F. Goldsum, E. Barham Bratton, Mary Joe Carroll, Clark, Thomas, Denius, Winters & Shapiro, John L. Hill, Atty. Gen., Bernard D. Newsom, Jr., Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

Appellant [1] brought suit in the district court of Travis County under Section 6.101 of the Texas Water Code, V.T.C.A., to set aside an order of the Texas Water Rights Commission granting appellees [2] a permit to appropriate State water in Sommerville and Hood counties by the construction of a dam and reservoir on Squaw Creek in the Brazos River watershed.

After trial to the court, judgment was rendered upholding the order. We affirm this judgment.

Appellant's first point of error, which we overrule, is the error of the court in failing to hold that the order of the Texas Water Rights Commission deprived him of property without due process of law in that the notice provided for under Section 5.131(d) is inadequate under both the United States and Texas constitutions; and that the notice given appellant under this same section was inadequate under both Federal and State constitutions.

■ Appellant had notice of the hearing and was represented by counsel at the hearing. It has been well established under the jurisprudence of this State that ap-

pearance, either in person or by attorney, waives the absence of process or notice. Yturri v. McLeod, 26 Tex. 84 (1861); Herndon v. Crawford, 41 Tex. 267 (1874); Supreme Council of American Legion of Honor v. Larmour, 81 Tex. 71, 16 S.W. 633 (1891); St. Louis and S. F. Ry. Co. v. Hale, 109 Tex. 251, 206 S.W. 75 (1918); White v. Zoning Board of Adjustment of the City of Arlington, 363 S.W.2d 955 (Tex.Civ.App.1962, writ ref'd n. r. e.); City of San Antonio v. C. D. J. Enterprises, Inc., 402 S.W.2d 573 (Tex.Civ.App. 1966, writ ref. n. r. e.).

■ Appellant's second point, which we overrule, is the error of the court in failing to vacate the permit because the Commission failed to make findings of fact and conclusions of law upon which an appeal to a district court could be based; and because the court did not restrict the evidence to that produced at the Texas Water Rights Commission hearing; because the court considered evidence not produced at the Texas Water Rights Commission hearing.

Section 5.133 of the Water Code requires only that: "After the hearing the commission shall make a written decision granting or denying the application. The application may be granted or denied in whole or in part."

Section 5.133(b) of the Code then sets out each fact which the Commission must find in order to' be authorized to grant a permit, viz:

"(b) The commission shall grant the application only if:

(1) the application conforms to the requirements prescribed by this chapter and is accompanied by the prescribed fee;

1. Appellant is Dr. Charles L. Webster, Jr.

2. Appellees are Texas Water Rights Commission, Dallas Power and Light Company, Texas

Electric Service Company, Texas Power and Light Company, and Texas Utilities Service, Inc.

(2) unappropriated water is available in the source of supply; and

(3) the proposed appropriation:

(A) contemplates the application of water to any beneficial use;

(B) does not impair existing water rights or vested riparian rights; and

(C) is not detrimental to the public welfare."

Section 5.133(a) requires the Commission to enter a written decision stating whether it grants or denies a permit application. Section 5.133(b) restrains the Commission from granting a permit unless, as a condition precedent to Commission action, all three statutory provisions have been met. Where the statute in question does not specifically require written findings of fact, the courts will presume all controverted fact issues as found in favor of the order violated. Northeast Tarrant County Water Authority v. Board of Water Engineers, 367 S.W.2d 720 (Tex.Civ.App.1963, no writ).

Under the administrative procedure of the State, the courts have not required an agency to include findings and conclusions in an administrative order when such were not required by statute. The substantial evidence rule, under which the case at bar was tried,[3] requires only that substantial evidence adduced at trial existed when the administrative body conducted the hearing. Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505 (1934); Gulf Land Company v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939); Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022 (1942). And this does not mean that the parties are limited to the evidence taken by

and before the agency. Trapp v. Shell Oil Company, 145 Tex. 323, 198 S.W.2d 424 (1946); Cook Drilling Company v. Gulf Oil Corporation, 139 Tex. 80, 161 S.W.2d 1035 (1942).

The courts of this State have held that the rights of parties will be fully protected if, upon a contest of the order in the district court, the parties are given full opportunity to show that at the time the order was entered, there did, or did not, then exist sufficient facts to justify the entry of the same. Cook Drilling Company v. Gulf Oil Corporation, *supra.*

Decisions cited by appellant in support of his due process attack were decided under statutes which require that findings of fact be included in the administrative order.[4] Clark v. Briscoe Irrigation Co., 200 S.W.2d 674 (Tex.Civ.App.1947, no writ) cited by appellant is not in point. Although this Court referred to findings of fact as an integral part of the exercise of the Board of Water Engineers' administrative duty and discretion, such fact finding was discussed in the general sense of determining whether granting a permit would be detrimental to the public welfare and not in the context of requiring written findings of fact to be set out in the order granting or denying the permit.

Appellant's third point of error, which we also overrule, is that the court and the Texas Water Rights Commission deprived appellant of his riparian rights to the water of Squaw Creek without due process of law.

Appellant contends his riparian rights to Squaw Creek have been impaired in that the creek's annual average flow will be reduced below acceptable rates; that the water in Squaw Creek will be replaced by an artificial flow of water from

3. See City of San Antonio v. Texas Water Commission, 407 S.W.2d 752 (Tex.1966).

4. Miller v. Railroad Commission, 363 S.W. 2d 244 (Tex.1962); Gonzales County Savings and Loan Association v. Lewis, 461 S.W. 2d 215 (Tex.Civ.App.1970, aff'd 474 S.W. 2d 453, Tex.1971); City of Houston v. Melton, 347 S.W.2d 643 (Tex.Civ.App.1961, rev'd 163 Tex. 294, 354 S.W.2d 387).

Lake Granbury and that this water will contain an unacceptable "brackish" concentration of undissolved solids making it unfit for domestic use; that the reduction of the average flow of Squaw Creek combined with the reduction of its watershed will eliminate the flushing action essential to the creek which clears away debris and scum and renders the waters usable.

The evidence adduced at trial is contrary to these assertions. Competent evidence by engineering experts established the fact that the continuous flow of Squaw Creek would be 1.5 cubic feet per second and that this would be ample for domestic use downstream. Expert testimony was introduced to the effect that the three or four heavy rains experienced annually in the area in addition to the drainage from the large watershed surrounding the creek cause between 100 to 3,800 plus cubic feet of water a second to flow down the creek and that this is adequate to flush out Squaw Creek from the dam down to its confluence with the Paluxy River. Appellant countered none of this testimony with expert witnesses of his own relying solely on his own experience and by questioning persons working on the project.

With respect to appellant's contentions with reference to the quality of the water, jurisdiction over questions of water quality has been legislatively conferred on the Texas Water Quality Board, Sections 21.021 et seq., Water Code, and therefore, would be out of the scope of the jurisdiction of the Texas Water Rights Commission.

Consequently, there is no merit in appellant's claim of being deprived of riparian rights as there is an abundance of evidence to sustain the judgment of the trial court that the statutory requisites for the granting of the permit were adequately fulfilled.

The judgment of the trial court is in all things affirmed.

Affirmed.