

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 1, 1977

The Honorable George Rodriguez, Jr.
County Attorney
El Paso County
Room 201, City-County Building
El Paso, Texas   79901

Opinion No. H-935

Re:  Authority of
the El Paso City-
County Board of Health
to promulgate regula-
tions governing the
sale of raw milk.

Dear Mr. Rodriguez:

You have asked several questions about the power of
the El Paso City-County Board of Health.  The Board supervises
the City-County Health Unit organized under the authority of
article 4436a-1, V.T.C.S., which permits the participants to
combine their health functions into one operating unit.
Attorney General Opinion M-683 (1970).  The director of the
City-County Health Unit is charged with the performance
of all the duties of a city health officer and a county
health officer.  V.T.C.S. art. 4436a-1; City of El Paso v.
Russell Glenn Distributing Co., 237 S.W.2d 818 (Tex. Civ.
App. -- El Paso 1950, writ ref'd n.r.e.); cf. V.T.C.S. art.
4447a, § 4.  No city health officer or county health officer
can be appointed once the city-county health unit is established.
V.T.C.S. art. 4436a-1, § 4.  A city-county board of health,
which is appointed by the joint action of the commissioners
court and the city council, has supervisory power over the
public health of the county and is authorized to make rules
and regulations, not in conflict with city ordinances or
laws of the state, to promote the health of the county.
V.T.C.S. art. 4436a-1, § 2.  Article 4436a-1 delegates to
the city-county health unit the health-related administrative
duties of the participating city and county but does not
delegate all of the city's and county's powers in the health
area.  Compare V.T.C.S. art. 4436a-1, § 2 with V.T.C.S. art.
4447a, § 4; see Attorney General Opinion M-616 (1970).

Your first question asks what powers the City-County Board of Health has to pass regulations concerning the retail sale of raw milk. Article 4436a-1, V.T.C.S., the primary source of Board powers, provides in section 2:

> The Board shall make such rules and regulations for the proper conduct of its duties as it shall find necessary and expedient, and shall possess full supervisory powers over the public health of the county and over the functioning and personnel of the City-County Health Unit, and shall be authorized to make any and all such <u>rules and regulations not in conflict with the ordinances of the city and laws of the State, as they may deem best to promote and preserve the health of the county.</u> (Emphasis added).

The El Paso City Council Board of Health "Governing Rules and Regulations -- Raw Milk for Retail Sale" contain numerous provisions designed to ensure that milk is produced under clean and sanitary conditions, from healthy animals. We believe they were adopted to promote and preserve the health of the county and therefore are valid exercises of the Board's rule-making authority. We are unaware of any city ordinance regulating the sale of raw milk with which the Board's regulations might conflict; moreover, the Board expressly provided that its regulations would not prevent incorporated entities within El Paso County from prohibiting the distribution of raw milk within their corporate limits. Id. art. VII. We note that a city may constitutionally enact and enforce an ordinance requiring pasteurization of all milk sold within the city. City of Weslaco v. Melton, 308 S.W.2d 18 (Tex. 1957).

The El Paso regulations do not conflict with the applicable State law. Article 165-3, V.T.C.S., authorizes the State Health Officer to define grade "A" raw milk and to establish regulations for producing and handling it. Sec. 2. Regulations adopted by a city, county, political subdivision, or health officer must conform with the regulations promulgated by the state health officer. Id. Milk regulations issued by a city-county health unit may not conflict with article 165-3 and regulations promulgated thereunder. See City of El Paso v. Russell Glenn Distributing Co., supra; Prescott v.

City of Borger, 158 S.W.2d 578 (Tex. Civ. App. --
Amarillo 1942, writ ref'd). We find no conflict between the
El Paso regulations and article 165-3. The state health
officer has not issued regulations for the production of
raw milk for retail sale, so there are no regulations with
which the El Paso resolution might conflict. In addition,
the El Paso resolution does not establish grades for raw
milk. It outlines standards for production of retail raw
milk but does not label it as grade "A" or any other grade.
Article 165-3 deals exclusively with the processing and
labeling of grade "A" milk, and the El Paso ordinance, which
does not deal with grade "A" milk, cannot conflict with it.
Article 165-3 does not forbid the sale of ungraded milk.
City of Weslaco v. Melton, supra. The City-County Board of
Health may promulgate its milk regulations under the authority
of article 4436a-1, section 2.

Your next question asks whether the City-County Board
of Health can require fees and licenses in connection with
the sale of raw milk, and whether it can provide fines for
non-compliance with its resolutions. Article 4436a-1 does
not provide for the enforcement of regulations issued by the
Board by fines, permit cancellation, or other sanction. An
administrative agency may not impose penalties different
from or additional to those provided by statute. Harrington
v. Railroad Commission, 375 S.W.2d 892 (Tex. 1964); 1 Am.
Jur.2d, Administrative Law § 127. Although the Legislature
may provide for fines for violations of regulations promulgated
by an administrative agency, it has not done so with respect
to regulations promulgated under article 4436a-1, section 2.
Harvill v. State, 188 S.W.2d 869 (Tex. Civ. App. --Austin
1945, writ ref'd); Tuttle v. Wood, 35 S.W.2d 1061 (Tex. Civ.
App. -- San Antonio 1930, writ ref'd). Hence, the Board
lacks authority under article 4436a-1 to suspend permits,
impose fines or otherwise punish violations of its raw milk
regulations.

Although a city or county health officer can issue and
revoke permits to use grade "A" labels under article 165-3,
the Board did not choose to adopt a grade "A" ordinance
so as to avail itself of those powers. Article 4436a-1 does
not expressly give the Board power to issue licenses or exact
license fees. Administrative bodies have only those powers
expressly conferred on them by statute together with those
necessarily implied from express powers and duties. Stauffer

v. San Antonio, 344 S.W.2d 158 (Tex. 1961). The Board may not issue regulations that require milk producers to hold permits or pay permit fees. Compare State Board of Morticians v. Cortez, 333 S.W.2d 839 (Tex. 1960) with Southwestern T.&T. v. City of Dallas, 174 S.W. 636 (Tex. Civ. App. -- Dallas 1915, writ ref'd). See Attorney General Opinions H-669 (1975) and H-443 (1974).

You next ask what kind of public notice would be required prior to the adoption of such regulations. Of course, the notice required by section 3A of the Texas Open Meetings Act, article 6252-17, V.T.C.S., must be posted before any meeting. Article 4436a-1, section 2 does not state that additional public notice is required for the promulgation of rules and regulations. That article authorizes the Board to make rules and regulations for the proper conduct of its duties; if the Board has set out any notice requirements for issuing public health regulations, it must follow them. See City of San Antonio v. Pope, 351 S.W.2d 269 (Tex. Civ. App. -- Eastland 1961, no writ). The due process clauses of the federal and state constitutions require that notice be given to interested parties before certain agency actions, such as permit revocation. Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex. Civ. App. -- Austin 1941, writ ref'd). The Board lacks authority to adopt the proposed rules dealing with permits, permit fees, or sanctions for non-compliance with its rules. We do not believe that its adoption of the remaining rules will affect individual rights to the extent that it must give additional notice of its intention to adopt them.

Your next question asks whether the commissioners court must adopt or approve the regulations passed by the Board before they became effective. We find no requirement that the commissioners court adopt or approve the regulations passed by the Board before they become effective.

You finally ask if the commissioners court has any power to pass resolutions in the health area. The powers of the commissioners court are limited to those conferred by the Texas Constitution or statutes. Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941). The court does have certain powers in the area of health. See generally V.T.C.S. arts. 4418f, 4427, 4434. Whether they have power to enact any particular health resolution depends on the content and purpose of that resolution and its relation to a statutory power. Since you have submitted no resolution to us, we cannot give a more precise answer to your last question.

### S U M M A R Y

The El Paso City-County Board of Health
may promulgate regulations concerning the
retail sale of ungraded raw milk.  The
Board must give the public notice required
by its own rules of procedure.  It may not
require licenses or license fees in
connection with the sale of raw milk, nor
may it provide fines for non-compliance with
its resolutions.  The commissioners court
does not have to approve the Board's rules
in order for them to become effective.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb