BAYTOWN CYCLE INN, INC., et al., Appellants,

v.

TEXAS MOTOR VEHICLE COMMISSION et al., Appellees.

No. 8309.

Court of Civil Appeals of Texas, Beaumont.

Sept. 6, 1979.

Robert C. Cox, Dallas, William R. Crocker, Austin, for appellants.

R. Lambeth Townsend, Austin, for appellees.

DIES, Chief Justice.

The Texas Motor Vehicle Commission granted a license to sell new Kawasaki Motorcycles to Jack J. Cotton, d/b/a Kawasaki of Pasadena, as a replacement of the dealership of Jim Edwards. Baytown Cycle Inn, Inc., and other licensed competitors selling Kawasaki Motorcycles sought to protest this license before the Commission and later filed suit in the 53rd District Court of Travis County (Jones, H.) to set aside the decision. The District Court affirmed the Commission's decision, from which the protesting dealers bring this appeal.

They urge error because (1) ten days' notice had not been given as required by *Section 13(a)* of the Administrative Procedure Act, *Tex.Rev.Civ.Stat.Ann. art. 6252–13a* (Vernon Supp.1978); (2) the Commission refused to hear evidence by the protesting dealers pursuant to *Section 3.04* of the Motor Vehicle Commission Code, *Tex. Rev.Civ.Stat.Ann. art. 4413(36)* (Vernon 1976); (4) the Commission's decision was contrary to the greater weight and preponderance of all credible testimony; (5) the proceedings before the Commission were not recorded; (6) an informal disposition of any contested case may only be made by stipulation, agreed settlement, consent, order, or default; (7) the provisions of the

Administrative Procedure Act, *Article 6252–13a*, concerning notice and hearing, were not followed. We affirm the decision of the trial court for the reasons given hereafter.

The Commission correctly proceeded in this application under *Section 5.02(3)* of the Motor Vehicle Commission Code, *Tex.Rev. Civ.Stat.Ann. art. 4413(36)* (Vernon Supp. 1978), which provides, in part:

"Sec. 5.02. It shall be unlawful for any manufacturer, distributor or representative to: . . .

(3) Notwithstanding the terms of any franchise agreement, terminate or refuse to continue any franchise with a dealer unless (A) the dealer and the Commission have received written notice sixty days before the effective date thereof setting forth the specific grounds for termination or noncontinuance and (B) if the dealer files a protest with the Commission, it is established by a preponderance of evidence at a hearing called by the Commission that there is good cause for the termination or noncontinuance. The Commission shall consider all the existing circumstances in determining good cause, including without limitation the dealer's sales in relation to the market, the dealer's investment and obligations, injury to public welfare, adequacy of service facilities, equipment, parts and personnel of the dealer and other dealers of new motor vehicles of the same line-make, whether warranties are being honored, and compliance with the franchise agreement. Good cause shall not be shown solely by a desire for further market penetration. If a franchise is terminated or not continued, another franchise in the same line-make will be established within a reasonable time unless it is shown to the Commission that the community or trade area cannot reasonably support such a dealership. If this showing is made, no dealer license shall be thereafter issued in the same area unless a change in circumstances is shown."

■ We think this section gives the terminated dealer a right to protest, but not other dealers in the area. If the manufacturer, distributor, or representative can show that a dealership cannot be supported in the trade area, replacement of the dealer is not required. Competing, existing dealers have no right under this section of the statute to protest the replacement of a dealer. It is only in a proceeding under *Section 4.06(c)* of the Act—to establish a dealership—that competing dealers are given this right.

■ In the instant case, notice was given the protesting dealer that the replacement applicant was contending it was entitled to a "Summary Judgment." The protesting dealers appeared and were represented by counsel. Under these circumstances, the length of the Commission's notice to the protesting dealers, or the fact the recording devices broke down, caused no harm. See *White v. Zoning Board of Adjustment of Arlington*, 363 S.W.2d 955, 959 (Tex.Civ. App.—Fort Worth 1962, writ ref'd n. r. e.). All of appellant's points are overruled, and the judgment of the trial court is affirmed.

AFFIRMED.