Charles L. LASWELL, Appellant,

v.

HOUSTON CITIZENS BANK & TRUST
COMPANY, Appellee.

No. A14–82–010CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1982.

J. Craig Cowgill, Houston, for appellant.

Marvin Schulman, Houston, for appellee.

Before J. CURTISS, BROWN, C.J., and
JUNELL and PRICE, JJ.

PRICE, Justice.

Appellant, Charles L. Laswell, appeals from the trial court's denial of a motion filed pursuant to Tex.Rev.Civ.Stat. art. 5449(a) (Vernon Supp.1981) for discharge and cancellation of a judgment and lien. We reverse and render.

On June 6, 1977, appellee, First International Bank in Houston N.A., successor in interest to Houston Citizens Bank and Trust Company, recovered a judgment against the appellant in district court for the amount of $181,754.37 based on two unsecured promissory notes executed by Laswell payable to Houston Citizens Bank and Trust Company. On November 28, 1979, appellant was adjudicated bankrupt in the United States District Court for the Southern District of Texas and was released from this debt. Pursuant to Tex. Rev.Civ.Stat.Ann. art. 5449(a) (Vernon Supp.1981) appellant moved to discharge and cancel the judgment and lien on July 16, 1981. The trial court denied appellant's motion after a hearing in which both Laswell and the Bank appeared.

Article 5449(a) Section One reads as follows:

Application for discharge and cancellation of judgment and lien

Section 1. At any time after one year has elasped since a bankrupt or debtor has been discharged from his debts, before or after the effective date of this Act, pursuant to the acts of Congress relating to bankruptcy, the bankrupt or debtor, or his, her, or its receiver, trustee, or any other interested person, including a corporation, may apply, upon proof of the discharge of the bankrupt or debtor, to the court in which a judgment was rendered against the bankrupt or debtor for an order directing the discharge and cancellation of the judgment, any abstract or abstracts of said judgment, and the lien represented thereby.

The record reflects that appellant filed for discharge from the judgment lien more than one year after he had been adjudicated bankrupt in federal court in the same

court, the 165th District Court, in which the judgment lien had been levied against him. Appellant presented with his motion a certified copy of the bankruptcy court's order adjudicating him bankrupt and the schedule of unsecured creditors among which the judgment of appellant was listed.

 Appellee has not filed an appellate brief or otherwise contested this appeal by Laswell. Although the order of the trial court denying the application of Laswell for discharge and cancellation of the judgment lien did not specify the reasons for such action, we find that none of the grounds raised by the bank in its responsive pleadings in the trial court support the order of the trial court. Initially, appellee contended the affidavits and application were not in the form required by Tex.R.Civ.P. 166–A (Vernon Supp.1981) but we find that rule to be specifically directed to summary judgments and thus, inapplicable in the instant case. Further, appellee maintained that Tex.Rev.Civ.Stat.Ann. art. 5449(a) (Vernon Supp.1981) violates due process because it did not provide for sufficient service since only notice under Tex.R.Civ.P. 21a was required. Section three of article 5449(a) provides for notice of application for discharge and service. That notice was apparently given because appellee filed responsive pleadings and appeared at the hearing. We believe there was no constitutional violation in the notice provided by the statute and further, even if there had been any lack of service or notice, appellant waived it by appearing at trial. *Webster v. Texas Water Rights Commission,* 518 S.W.2d 607, 609 (Tex.Civ.App. Austin 1975, writ ref'd n.r.e.). Likewise, we do not believe any of the other grounds listed in appellee's responsible pleadings had any validity. Therefore, we cannot ascertain any ground advanced by appellee in these answers which supports the denial of the motion by the trial court.

We find that, pursuant to Article 5449(a), appellant's motion to discharge and cancel the judgment lien should have been granted by the trial court. We reverse and render. We order that the judgment held by appellee First International Bank, N.A. as successor in interest to Houston Citizens Bank and Trust Company and rendered against the appellant Charles L. Laswell, any abstract of such judgment and the lien represented thereby, be discharged and cancelled.