**Billy Gunter HAYDEN and Annie Louise Hayden, Appellants,**

v.

**AMERICAN HONDA MOTOR CO., INC., Appellee.**

**No. 12–90–00058–CV.**

Court of Appeals of Texas, Tyler.

Aug. 31, 1992.

Randy McLeroy, Center, for appellants.

Andy Navarro, Tyler, for appellee.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

RAMEY, Chief Justice.

By opinion delivered by this Court on April 27, 1992, the order of dismissal of the trial court was reversed, and the cause remanded for proper disposition. Pervading Appellee's rehearing motion is their interpretation of our opinion that it somehow affected the foreclosure of two specific tracts of property, which foreclosure was approved in our affirmance of *The Apostolic Church v. American Honda Motor Company, Inc.*, 833 S.W.2d 553 (Tex. App.—Tyler, 1992, n.w.h.). We disagree with this interpretation.

This suit is not a collateral attack upon *The Apostolic Church* judgment; it was not so pled, tried or briefed on appeal by any of the parties. Our opinion recognized that the foreclosure of these two tracts was never in issue in this case.[1]

Next, Appellee undertook to distinguish the facts in the instant case from those in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Although factually distinguishable, *Dewsnup* was cited in the opinion, along with two other recent Supreme Court of the United States decisions, solely for the proposition that Appellee's lien survived Appellants' bankruptcy discharge. *Farrey v. Sanderfoot*, —— U.S. ——, ——, 111 S.Ct. 1825, 1829, 114

1. Our original opinion stated:

"... *The second suit (The Apostolic Church case) was an action to foreclose liens upon two specific tracts of land which Appellants admit are not in issue here;* this third suit seeks judgment canceling Appellee's first suit (1985) judgment and abstract of judgment, *without reference to the two tracts in issue in the second suit.* Appellants were not parties to, nor had an interest in, the second suit. Like-

wise, Apostolic has no involvement in the issues, subject matter, relief or controversy in this third suit."

We have again reviewed Appellants' pleadings herein and find no allegations seeking relief with reference to the two tracts or even any reference to them. Likewise, Appellants' Brief on appeal unconditionally admits that Appellants have no interest in those two tracts and claim none. (Appellants' Brief, p. 7.)

L.Ed.2d 337 (1991); *Johnson v. Home State Bank,* — U.S. —, —, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991).[2]

Next, in its rehearing motion, Appellee strongly argues that the legislative intent in enacting Sec. 52.021(a) was to restrict its application to homestead liens to facilitate the issuance of title insurance by the title company upon the debtor's sale of the homestead after bankruptcy; a transcript of the hearing on the bill in the House Judiciary Committee was attached to Appellee's motion. This contention was not raised by Appellee's pleadings or the evidence in the trial court nor in its brief on appeal. The question of the legislature's intent in enacting these statutes may be developed on retrial below.

Appellee next argues that under res judicata principles, Appellants cannot indirectly attack the lien on the two tracts, because Apostolic in the second suit "had the right, opportunity and obligation to apply for discharge and cancellation under Section 52.-022(a)." We have consistently said that this suit does not affect these two tracts. However, in making this argument as to Apostolic's duty to have invoked these statutes, Appellee impliedly recognizes that they are appropriate for application in non-homestead disputes.

Nevertheless, in response to Appellee's Motion for Rehearing and by way of clarification of the effects of the bankruptcy discharge of Appellee's 1985 judgment, we withdraw our former opinion herein and substitute the following:

This is an appeal from the trial court's dismissal of the application under the TEXAS PROPERTY CODE of Appellants, Billy Gunter Hayden and wife, Annie Louise Hayden, to discharge and cancel a pre-bankruptcy judgment and lien in favor of American Honda Motor Co., Inc., Appellee. TEX. PROP.CODE ANN. §§ 52.021–.024 (Vernon 1984). We will reverse the judgment of the trial court and remand the case for further disposition; Appellee's counterpoint will be denied.

Appellee's judgment against Appellants in the amount of $43,151.27, plus interest and costs, was rendered on January 29, 1985 (hereinafter "first suit"). Abstract of judgment was recorded and indexed on March 20, 1985. At that time Appellants owned three tracts of land in Shelby County. Two of the parcels were thereafter conveyed by deeds of gift to the Apostolic Church of Center, Texas (hereinafter "Apostolic"); the third was the site of Appellants' residence and place of business.

On July 6, 1987, Appellants filed their voluntary petition for bankruptcy relief. By bankruptcy order dated November 16, 1987, the Haydens were discharged from personal liability for existing debts. In July of 1988, Appellee filed its cause of action against Apostolic to foreclose the lien on the two tracts previously conveyed to the church (hereinafter "second suit"). Presentation of evidence in this second suit was concluded on July 17, 1989.

The next day, Appellants filed this third suit against the Appellee judgment creditor to cancel the judgment in the first suit and the abstract of judgment filed thereon as authorized by sections 52.012–.024 of the PROPERTY CODE. The court initially granted Appellants' requested relief after a trial on August 18, 1989, at which Appellee did not appear, because it, nor its counsel herein, had not been served with process giving notice of the pendency of the third suit. Within thirty days, a motion to vacate and set aside the judgment and for a new trial was filed by Appellee, which, in turn, was granted on October 20, 1989.

On December 14, 1989, the trial court signed a judgment in the second suit foreclosing the liens upon the two tracts. Today, this Court has, by separate opinion, affirmed that judgment.

On December 15, 1989, Appellee filed its amended answer in this third suit, which included a pleading denominated "Plea in Abatement," praying for dismissal of Appellants' cause of action, or alternatively, an abeyance, pending final disposition of the second suit. Two weeks later, at a pre-

---

**2.** The relevant holding in these three recent cases, to wit, that the judicial liens survived bankruptcy, was essential to Appellee's recovery in *The Apostolic Church* case.

trial, non-evidentiary hearing on this plea in abatement, the trial court dismissed this third suit with prejudice.

■ Appellants bring two points of error. We will initially address their second point alleging that the trial court abused its discretion in granting Appellee's motion for new trial. The motion to vacate the judgment in this suit and for a new trial was filed while the court retained plenary power over that judgment. TEX.R.CIV.P. 329b(e). Since that motion was filed during the period in which the trial court retained its plenary power, the order granting the motion to vacate and for a new trial was not subject to review, either by direct appeal or from a final judgment subsequently rendered. *Cummins v. Paisan Construction Co.*, 682 S.W.2d 235, 236 (Tex.1984); *Burroughs v. Leslie*, 620 S.W.2d 643, 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). We overrule Appellants' second point.

■ Appellants' first point of error asserts that the trial court erred in dismissing their application for discharge and cancellation, because there was no evidence, or insufficient evidence, of a prior suit involving the same controversy, subject matter, issues and relief as in this third suit. Res judicata precludes the litigation of all issues connected with a claim that has already been tried, provided that those issues, with the use of diligence, might have been adjudicated in the prior suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984).

■ Appellants argue that the trial court only considered the pleadings in the second suit, together with arguments of counsel, at the hearing on the plea in abatement of the third suit, and thus there was no evidence to support the dismissal.[3] The second suit was an action to foreclose a lien upon two specific tracts of land which Appellants admit is not in issue here; this third suit seeks judgment canceling Appellee's first suit judgment and abstract of judgment, without reference to the two tracts in issue in the second suit. Appellants were not parties to, nor had an interest in, the second suit. Likewise, Apostolic has no involvement in the issues, subject matter, relief or controversy in this third suit.

The only similarity of issues in the second and third suits was Apostolic's pleading in the second suit that the first suit judgment and lien on the two tracts had been canceled by the bankruptcy court's "Discharge of Debtor," and thus was not enforceable in the second suit. No independent application to cancel the first suit judgment and abstract as authorized under TEX.PROP.CODE ANN. § 52.022(a) had been filed prior to the trial of the second suit. Thus, the statutory procedure underlying this third suit was not before the court in the second suit. Having no interest in the second suit, Appellants were not required to file suit under this Property Code procedure before the trial of the second suit, nor to intervene therein. Likewise, Apostolic, not a party to the judgment in the first suit, was not required to undertake to apply for, and successfully secure, cancellation and discharge of the judgment against Appellants and the lien, prior to the trial of the second suit. There was no evidence that the issues, subject matter, controversy or relief sought in the second suit were res judicata of the Appellants' cause of action in the third suit.

■ Appellee argues that the relief sought in this third suit was a compulsory counterclaim in the second suit, which was waived because not asserted in the prior case. TEX.R.CIV.P. 97(a). "The rule does not apply where the plaintiff in the second suit is not a party in the first suit." *Stevenson v. Reese*, 593 S.W.2d 828, 830 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). As stated, Appellants were not parties in the second suit. The doctrine of compulsory counterclaim "does not impose a duty upon anyone to intervene in a lawsuit...." *Price v. Couch*, 462 S.W.2d

---

**3.** We do not decide whether an order of dismissal with prejudice was the correct procedural device for this pre-trial disposition.

556, 558 (Tex.1970). We hold that the Appellants' right to file this application to cancel was not waived as a compulsory counterclaim by the failure of a third party, Apostolic, to file for such relief in a prior lawsuit in which these Appellants were not parties.

 Likewise, the doctrine of collateral estoppel did not authorize the court's dismissal of Appellants' claim in this suit. To successfully invoke collateral estoppel, it must be established that the parties were cast as adversaries in the earlier suit. *Bonniwell*, 663 S.W.2d at 818. This was not the case.

 Appellee's lien on the two tracts survived Appellants' bankruptcy discharge. *Farrey v. Sanderfoot,* — U.S. —, —, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); *Johnson v. Home State Bank,* — U.S. —, —, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991); *Dewsnup v. Timm,* — U.S. —, —, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). Although discharged in bankruptcy, a debtor thereafter remains obligated to pay the original judgment to the extent that a lien had previously been impressed upon the debtor's property. *Id.* Unless the value of the two foreclosed tracts extinguished the amount of the first suit judgment, the deficiency remained outstanding until the personal debt was discharged in the bankruptcy proceeding.

 Appellee asserts that Appellants had no standing to avail themselves of this statutory procedure for judgment cancellation. In its Motion for Rehearing, Appellee contends that these provisions should be construed to restrict the statutes' application to disputes involving only a discharged debtor's *homestead*. Sections 52.021(a), however, directly authorize Appellants to seek the very relief they have sought herein whether the purpose be to facilitate the issuance of title insurance upon the debtor's subsequent sale of any after-acquired property, or whatever the purpose might be. There is plainly no such limiting language in these statutes. A discharged bankrupt's petition under these statutes, wholly unrelated to a homestead claim, was specifically approved in *Laswell v. Hous-*

*ton Citizens Bank and Trust Company,* 640 S.W.2d 701, 702 (Tex.App.—Houston [14th Dist.] 1982, no writ). On the record before us, we cannot conclude that the Appellants have no standing to invoke the statutory procedure for the cancellation of Appellee's 1985 judgment and abstract of judgment, but if such remedy is granted by the trial court, it cannot affect the prior foreclosure of Appellee's lien upon the two Apostolic tracts.

Appellee seeks damages from Appellants for pursuing an alleged frivolous appeal for the purpose of delay. Tex.R.App.P. 84. In view of our disposition of the case, we decline to award such damages.

There having been no trial of the case, the order of dismissal of the trial court is reversed, and the cause is remanded for further disposition in accordance with this opinion.