TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00643-CV






San Benito Consolidated Independent School District, Appellant



v.



McGinnis, Lochridge & Kilgore, L.L.P.; and William H. Bingham,


Individually and in his Capacity as Partner and Agent of

McGinnis, Lochridge & Kilgore, L.L.P., Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 95-14336, HONORABLE SCOTT McCOWN, JUDGE PRESIDING 






 San Benito Consolidated Independent School District (the "District"), appellant, brought
suit against McGinnis, Lochridge & Kilgore, L.L.P. and attorney William H. Bingham (collectively the "Law
Firm"), appellees, alleging legal malpractice in failing to file, on the District's behalf, a suit for judicial review
of an order issued by the Commissioner of Education. The trial court granted the Law Firm's motion for
summary judgment. On appeal, the District contends in three points of error that the trial court erroneously
applied the substantial evidence rule and that the evidence raises a fact issue as to the existence of an
attorney-client relationship. The District also argues that the Commissioner's decision is not supported by
substantial evidence. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 On February 11, 1994, the Texas Commissioner of Education, Lionel R. Meno, issued a
decision approving the detachment of 320.949 acres of land from the District and the attachment of the
tract to the Harlingen Consolidated Independent School District. The District asserts that it engaged the
Law Firm to prepare and file in Travis County district court a suit for judicial review of the Commissioner's
order pursuant to Act of June 6, 1990, 71st Leg., 6th C.S., ch. 1, sec. 2.22, 1990 Tex. Gen. Laws 1, 22
(Tex. Educ. Code Ann. § 11.13(c), since repealed and recodified at Tex. Educ. Code Ann. § 7.057(d)
(West 1996)) (hereinafter "former section 11.13(c)"). The Law Firm did not file the suit within the
applicable time limit, and the District was left without a remedy. The District sued the Law Firm alleging
negligence, breach of contract, and violations of the Deceptive Trade Practices Act, Tex. Bus. & Com.
Code Ann. §§ 17.46-.63 (West 1987 & Supp. 1997).

 The Law Firm filed a motion for summary judgment alleging there was no evidence of an
attorney-client relationship. In the alternative, the Law Firm argued that even if a breach of duty had
occurred, it did not cause the District any harm because the Commissioner's ruling was supported by
substantial evidence and, therefore, the District would not have succeeded in its suit for judicial review. 
See Millhouse v. Wiesenthal, 775 S.W.2d 626, 627 (Tex. 1989) (to prove proximate cause in legal
malpractice action, client must show underlying lawsuit would have been successful "but for" attorney's
negligence). The trial court granted the Law Firm's motion for summary judgment by general order, (1) and
this appeal followed.


DISCUSSION


 To obtain summary judgment, a movant must show there is no genuine issue of material fact
and that it is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding
summary judgment, the trial court must take evidence favorable to the nonmovant as true. Id. 
Furthermore, the court must indulge every reasonable inference in favor of the nonmovant and resolve any
doubts in the nonmovant's favor. Id.

 When a defendant seeks to obtain summary judgment based on a plaintiff's inability to
prove its case, the defendant must conclusively disprove at least one element of each of the plaintiff's causes
of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Only after a defendant
conclusively disproves an essential element of the plaintiff's cause of action does the plaintiff shoulder the
burden of producing controverting evidence and raising a fact issue as to the negated element. See City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). When a summary judgment
order does not state the specific basis for the court's decision, we must uphold the order if any of the
theories advanced in the motion for summary judgment were meritorious. Rogers v. Ricane Enters., Inc.,
772 S.W.2d 76, 79 (Tex. 1989).

 In its first point of error, the District contends the trial court erroneously applied a "pure
substantial evidence" review in determining whether the District could have succeeded in its appeal of the
Commissioner's decision. The District argues that former section 11.13(c), the statute that gave the District
the right to seek judicial review of the Commissioner's ruling, provided for "substantial evidence de novo"
review. Substantial-evidence-de-novo review allows new evidence to be presented to the reviewing body,
here the district court. (2) Thus, the District argues the trial court could not determine as a matter of law that
the District would not have succeeded in its judicial challenge to the Commissioner's decision, because the
reviewing district court would not have been limited to the administrative record in its review of the
Commissioner's decision, and evidence not submitted to the Commissioner could have been presented to
the court. See Wylie Indep. Sch. Dist. v. Central Educ. Agency, 488 S.W.2d 166, 168 (Tex. Civ.
App.--Austin 1972, writ ref'd n.r.e.).

 A proceeding of this nature before the Commissioner of Education is a "contested case." 
See Tex. Gov't Code Ann. § 2001.003(1), (7) (West Supp. 1997). A suit for judicial review of the
Commissioner's decision is therefore governed by the Administrative Procedure Act ("APA"), Tex. Gov't
Code Ann. § 2001.003(1) (West Supp. 1997). Under the APA, there are only two standards of review: 
"pure substantial evidence" and "pure trial de novo." See Tex. Gov't Code Ann. §§ 2001.173-.174 (West
Supp. 1997). Accordingly, we reject the District's contention that substantial evidence de novo is the
proper standard for judicial review.

 That does not end our inquiry, however. Under a pure-trial-de-novo review, the decision
of the lower agency or board is automatically vacated upon the taking of an appeal, and the reviewing
tribunal not only hears new evidence, but also substitutes its discretion and judgment for that of the lower
body. This type of review is technically not an "appeal" at all, but a new proceeding. See Central Educ.
Agency v. Upshur County Comm'rs Court, 731 S.W.2d 559, 561 (Tex. 1987). On the other hand,
under a pure-substantial-evidence review, the reviewing tribunal looks only at the record made before the
fact-finding body, i.e., the agency or board, and determines only whether that body's findings and decision
are reasonably supported by substantial evidence and are otherwise lawful. Imperial Am. Resources
Fund, Inc. v. Railroad Comm'n, 557 S.W.2d 280, 285 (Tex. 1977). The determination of whether the
Commissioner's decision is supported by substantial evidence is a question of law. See Firemen's &
Policemen's Civ. Serv. v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984).

 In the present case, if pure-trial-de-novo review applies, the Law Firm would, in order for
summary judgment to be affirmed on this ground, have to show as a matter of law that the District could
not have prevailed in a suit for judicial review no matter what evidence was presented to the trial court. 
The Law Firm has not satisfied this burden, because the summary judgment evidence does not prove as
a matter of law that the District could not have presented new evidence that would show the result reached
by the Commissioner to be unreasonable. On the other hand, if pure-substantial-evidence review applies,
the district court is confined to the administrative record, i.e., the evidence presented to the Commissioner. 
If the scope of review is pure substantial evidence, the Law Firm would be entitled to summary judgment
if it demonstrated that the Commissioner's decision was supported by substantial evidence, because in that
event the District's suit for judicial review would not have succeeded and any breach of duty by the Law
Firm could not have caused the District any damages. See Millhouse, 775 S.W.2d at 627. Therefore,
a critical issue in this appeal is what sort of review the district court should exercise over a decision of the
Commissioner of Education in a suit for judicial review under former section 11.13(c). (3)

 Former section 11.13(c) stated: "Any person, county, or school district aggrieved by any
action of the Central Education Agency or decision of the commissioner of education may appeal to a
district court in Travis County, Texas. . . . Upon trial the court shall determine all issues of law and fact .
. . ." This Court has held on numerous occasions that section 11.13 and its predecessors required judicial
review by the substantial evidence rule, not pure trial de novo. See Havner v. Meno, 867 S.W.2d 130,
132 (Tex App.--Austin 1993, no writ); Hernandez v. Meno, 828 S.W.2d 491, 493 (Tex. App.--Austin
1992, writ denied); Clear Creek Indep. Sch. Dist. v. Commissioner of Educ., 775 S.W.2d 490, 493
(Tex. App.--Austin 1989, no writ); Alton Indep. Sch. Dist. v. Central Educ. Agency, 259 S.W.2d 737,
740-41 (Tex. Civ. App.--Austin 1953, no writ). Moreover, the APA provides that when the scope of
judicial review is undefined, the court applies pure-substantial-evidence review. See Tex. Gov't Code Ann.
§ 2001.174 (West Supp. 1997); City of League City v. Texas Water Comm'n, 777 S.W.2d 802, 805
(Tex. App.--Austin 1989, no writ). We overrule point of error one. (4)

 Having concluded that former section 11.13(c) provides for pure-substantial-evidence
review, we now address point of error two, in which the District contends the trial court erred in granting
summary judgment because "there was sufficient evidence in the record to show that the Commissioner of
Education committed reversible error." Under this point of error, the District argues in general terms that
the Commissioner's decision is not supported by substantial evidence, but in doing so it does not
specifically attack any of the Commissioner's fifteen findings of fact or seven conclusions of law. In Hooks
v. Texas Department of Water Resources, 645 S.W.2d 874 (Tex. App.--Austin 1983, writ ref'd n.r.e.),
this Court held that the party seeking judicial review must specify those findings of ultimate fact which it
contends are not supported by findings of basic fact, in what respect the findings of basic fact do not
support the findings of ultimate fact, and what findings of basic fact are not supported by substantial
evidence. Id. at 881; cf. Bransom v. Standard Hardware, Inc, 874 S.W.2d 919, 927 (Tex. App.--Fort
Worth 1994, writ denied) (unchallenged finding of fact is binding on appellate court). Because the District
is effectively seeking judicial review of the Commissioner's decision, the District's broad assertion that the
Commissioner's decision is not supported by substantial evidence is impossible to evaluate. To determine
the validity of that point of error, we would have to examine every finding of fact to ascertain whether it
is supported by substantial evidence and every conclusion of law to ascertain whether it is warranted by
the findings of fact. This would amount to our making an independent search of the record for evidence
and reasoning that supports the District's contention. We are under no duty to do so. See Tex. R. App.
P. 74(f); Brandon v. American Sterilizer Co., 880 S.W.2d 488, 493 (Tex. App.--Austin 1994, no writ);
Most Wonderful Price Hall v. Jackson, 732 S.W.2d 407, 412 (Tex. App.--Dallas 1987, writ ref'd
n.r.e.). (5) We overrule point of error two.

 In light of our disposition of points of error one and two, we need not address the District's
remaining point of error regarding the existence of an attorney-client relationship.


CONCLUSION


 We affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Hill*

Affirmed

Filed: August 14, 1997

Do Not Publish


* Before John G. Hill, Chief Justice (former), Court of Appeals, Second District of Texas. Sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. In oral remarks made at or near the time the order was signed, the trial judge indicated he thought
a fact issue was presented as to the existence of an attorney-client relationship, and that he was therefore
not basing his decision on that ground. The summary judgment order, however, does not reflect such a
ruling, and we may not consider the court's oral comments in determining the basis of his order. See
Richardson v. Johnson & Higgins of Texas, Inc., 905 S.W.2d 9, 11-12 (Tex. App.--Houston [1st
Dist.] 1995, writ denied).
2. Under a "substantial evidence de novo" review, the reviewing tribunal seeks to determine
whether the findings made by the local agency or board are reasonably supported by substantial evidence
and are otherwise lawful. The reviewing tribunal is not, however, confined to the record made below;
rather, it receives evidence at a new hearing and, from that body of evidence, determines as a question of
law whether the findings of the agency or board are lawful and supported by substantial evidence. See
Firemen's & Policemen's Civ. Serv. v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984); Board of
Trustees of Big Spring Fireman's Relief & Retirement Fund v. Fireman's Pension Comm'r, 808
S.W.2d 608, 612 (Tex. App.--Austin 1991, no writ). "[T]he reviewing tribunal conducts an evidentiary
hearing for the limited purpose of determining 'whether at the time the questioned order was entered there
then existed sufficient facts to justify the agency's order.'" Big Spring, 808 S.W.2d at 612 (quoting Gerst
v. Nixon, 411 S.W.2d 350, 354 (Tex. 1966)). See also Gilder v. Meno, 926 S.W.2d 357, 366 (Tex.
App.--Austin 1996, writ denied) (Jones, J., dissenting).
3. "The scope of judicial review of a state agency decision in a contested case is as provided by
the law under which review is sought." Tex. Gov't Code Ann. § 2001.172 (West Supp. 1997).
4. In any event, a detachment and annexation proceeding clearly involves the exercise by the
Commissioner of a "legislative function." Thus, even if the language of former section 11.13(c) providing
for the court to "determine all issues of law and fact" could be construed as calling for pure-trial-de-novo
review, such a standard of review would, in the present case, be unconstitutional, requiring us to adopt a
different construction if one is reasonably possible. See Key Western Life Ins. Co. v. State Bd. of Ins.,
350 S.W.2d 839, 846-48 (Tex. 1961); Davis v. City of Lubbock, 326 S.W.2d 699, 714 (Tex. 1959);
see also Code Construction Act, Tex. Gov't Code Ann. § 311.021(1) (West 1988).
5. Moreover, to the extent we are able to identify the arguments contained in the body of the
District's brief under point of error two, such arguments were not preserved for review in the District's
motion for rehearing to the Commissioner. See Burke v. Central Educ. Agency, 725 S.W.2d 393, 396
(Tex. App.--Austin 1987, writ ref'd n.r.e.). In any event, the complaints that were preserved for review
in the District's motion for rehearing appear to have ample evidentiary support in the record.



 would have to examine every finding of fact to ascertain whether it
is supported by substantial evidence and every conclusion of law to ascertain whether it is warranted by
the findings of fact. This would amount to our making an independent search of the record for evidence
and reasoning that supports the District's contention. We are under no duty to do so. See Tex. R. App.
P. 74(f); Brandon v. American Sterilizer Co., 880 S.W.2d 488, 493 (Tex. App.--Austin 1994, no writ);
Most Wonderful Price Hall v. Jackson, 732 S.W.2d 407, 412 (Tex. App.--Dallas 1987, writ ref'd
n.r.e.). (5) We overrule point of error two.

 In light of our disposition of points of error one and two, we need not address the District's
remaining point of error regarding the existence of an attorney-client relationship.


CONCLUSION


 We affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Hill*

Affirmed

Filed: August 14, 1997

Do Not Publish


* Before John G. Hill, Chief Justice (former), Court of Appeals, Second District of Texas. Sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. In oral remarks made at or near the time the order was signed, the trial judge indicated he thought
a fact issue was presented as to the existence of an attorney-client relationship, and that he was therefore
not basing his decision on that ground. The summary judgment order, however, does n